# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THERESA COLEMAN | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 10-4022 |
| MICHAEL J. ASTRUE, Commissioner of Social Security | : | |

## MEMORANDUM

J. WILLIAM DITTER, JR., Sr. J                  MAY 24, 2011

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 9) and defendant's response thereto (Doc. No. 13), the court makes the following findings and reaches the following conclusions:

      1. On August 8, 2007, Theresa Coleman filed an application for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of September 6, 2005. (Tr. 146-51). Throughout the administrative process, including a hearing held on May 5, 2009, before an ALJ, Coleman's claims were denied. (Tr. 9-21; 25-70; 92-99). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Coleman filed her complaint in this court on August 24, 2010. (Tr. 1-5; Doc. No. 3).

      2. In his December 23, 2009 decision, the ALJ concluded, *inter alia*, that: (1) Coleman had severe degenerative changes in her lumbar spine with some radiculopathy, and depression; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform unskilled simple routine sedentary work with a sit/stand option and limited contact with the public; (4) she could perform work existing in significant numbers in the national economy; and (5) she was not disabled. (Tr. 10 ¶ 3; 12 Findings 3 & 4; 14 Finding 5; 20 Finding 9; 21 Finding 10; 21 ¶ 2).[1]

      3. This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Coleman, *pro se*, states in her one page brief that she is disabled and that her doctors and her medical records provide as much. Coleman does not allege that the ALJ made any specific errors other than in his ultimate disability conclusion. I have thoroughly reviewed the record and I conclude that the RFC assessment of the ALJ is supported by substantial evidence and that his ultimate conclusion of non-disability is legally sustainable. Moreover, contrary to her belief, none of Coleman's physicians opined that she was disabled.

    The record does indeed reveal an impairment of the lumbar spine and depression. However, the ALJ accounted for Coleman's credible limitations by giving her a limited unskilled sedentary RFC assessment. I find nothing in the record which contradicts this assessment. On the contrary, the RFC assessment is supported by, *inter alia*: (1) the State Agency's physical RFC assessment and psychiatric review technique; (2) the consultative examiner's mental evaluation; (3) the medical treatment notes showing a steady gait, normal range of motion and strength in the lower body; (4) mild MRI results; and (5) Coleman's repeated resistance to her physicians' suggested treatment regimen and her alleged drug seeking behavior. (Tr. 16 ¶ 2-19 ¶ 1; 251-52; 304-05; 313-14; 320-21; 326-28; 354; 366; 379; 438; 445; 459; 497-509; 510-16; 522-27; 528; 531; 532; 560-61; 566-67).

    As a result, I find that the ALJ's conclusion that Coleman was not disabled is legally sufficient and supported by substantial evidence. Therefore, Coleman's request for relief must be denied and the decision must be affirmed.

    An appropriate Order follows.